Jennie V. HELMS, et vir, Appellants,

v.

S. D. HARRIS d/b/a Harris Bros. Super
Market No. 1, Appellee.

No. 15634.

Court of Civil Appeals of Texas.

Fort Worth.

June 24, 1955.

Rehearing Denied Sept. 16, 1955.

A. Foy Curry, Jr., and Ernest May, Fort Worth, for appellants.

Cantey, Hanger, Johnson, Scarborough & Gooch and David O. Belew, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

Plaintiff Jennie V. Helms, a patron of a market operated by defendant S. D. Harris, was standing by the checking stand conversing with defendant when a masked bandit approached and pointed a revolver at the defendant. The defendant spoke words indicating that he was submitting to the holdup, and then, upon the bandit's momentarily glancing toward the rear of the store to see if his activity was being observed, grabbed the bandit's revolver and started wrestling with him for possession of it. The bandit prevailed, whereupon the defendant dived behind the checking stand. The bandit fired a shot at the checking stand, behind which the defendant was concealed, then turned and ran toward the front door of the market. When the bandit started running toward the front door the plaintiff started running in the opposite direction and toward the rear of the establishment. Upon reaching

the front door the bandit turned and observed the plaintiff as she ran. He fired a shot toward her retreating figure, striking her in the hip.

In a jury trial, special issue findings were returned to the effect that the defendant's attempt to resist the robbery was negligence and a proximate cause of the injuries sustained by the plaintiff.

The trial court rendered a judgment non obstante veredicto in behalf of the defendant. The plaintiff appealed.

Judgment affirmed.

It is the plaintiff's contention that the same causal relationship existed between her injuries and defendant's resistance to the bandit as would have been the case had she been shot in the course of the struggle between them. We can readily agree that had plaintiff been accidentally shot through a discharge of the revolver during the course of defendant's struggle with the bandit there would have been a causal relation. But, under the circumstances of this case, we do not believe that it could be said that the plaintiff's injuries proximately resulted from the defendant's resistance.

In the first place, the plaintiff sustained no injury as result of the defendant's resistance of the robbery. Her injury followed the defendant's abandonment of resistance. That is certainly true unless it could be said that a flight of an intended victim in an attempt to escape being robbed is resistance. That is what occurred in the present instance, though the evasive action on the part of the defendant followed his affirmative resistance by way of combat. Of course, it may reasonably be inferred that the bandit's ire was aroused by the resistance initially offered so that the original discharge of the revolver by the bandit at the defendant's place of hiding was vindictive in nature. However, it seems clear that when the bandit discharged the revolver into the checking stand he abandoned his attempt at robbery at the same time. In any event, he then fled toward the front door in an obvious attempt to escape the scene of his criminal act.

In the second place, under the agreed statement of facts, the injury that the plaintiff did sustain was inflicted upon her intentionally by the bandit for causes unrelated to defendant's resistance to him. He observed her fleeing toward the rear of the store, aimed his revolver at her and shot her. It is not reasonable to infer that his action toward her was vindictive. It is only reasonable to infer that his action in shooting her was inspired by the fear that her flight, if not restrained, might result in his arrest for attempted robbery. If that is true, then there would be no proper distinction in the circumstances as they actually occurred from the hypothetical case which could have resulted had the plaintiff not been shot at the time, but where a week later in a different store she and the bandit recognized one another, whereupon she started to flee from him, and he in turn had shot her to prevent her flight. In neither the instance hypothecated nor under the circumstances of the actual shooting would plaintiff's injuries from being shot bear any causal relation to the resistance to the bandit on the part of the defendant. Her injuries bear a causal relationship to the bandit's robbery attempt, but not to the defendant's resistance thereto.

If we consider the defendant's action in grabbing the bandit's gun as the initial act or omission on the part of the defendant, certainly its final result should be considered to have evolved when the bandit abandoned his robbery attempt and fled toward the front door of the store after firing a shot at the checking counter. The subsequent shooting of the plaintiff was neither a natural nor probable consequence of defendant's resistance to the bandit, and neither it nor any similar act on the bandit's part could have been foreseen as a consequence.

However, even had the plaintiff been shot during the course of defendant's struggle with the bandit, she should not be permitted to recover damages from defendant. Acts of self-defense or in defense of one's property have always been in accord with the public policy of Texas, and those

persons having sufficient courage to so act legally enjoy the privilege. It is only when acts in self-defense or in defense of one's property are committed under circumstances where the actor should realize that such acts create an unreasonable risk of causing harm to innocent third parties that such third parties may subject the actor to liability. Restatement of the Law of Torts, Chapter 4, "Defenses of Person, etc.", section 75, "Ambit of Privilege".

■ In the instant case, we observe that the defendant was confronted with a situation in which he had to make a choice between two alternatives. The first alternative entitled the yielding up of his right and privilege of protecting his property, surrendering it to the bandit. The second alternative was the assertion of such right and privilege in an attempt to resist the crime being perpetrated upon him. Had he elected the first alternative the loss to himself was a certainty rather than a mere risk, with the reasonable probability that the bandit would not shoot at him or the plaintiff. In electing the second alternative he reduced the likelihood of property loss to a risk rather than a certainty, but such election increased the risk that either himself or the plaintiff might be injured pursuant to the struggle involved in his resistance. Whichever course the defendant elected involved risk, the second alternative involving more risk to the plaintiff, and the first alternative involving more risk of the loss of property. Where the risk to each would be substantially the same, either course pursued would not entail negligence. If the risk to himself or his property involved in the election of the first alternative was substantially greater than the risk to the plaintiff involved in the election of the second, certainly his election of the second would not entail negligence. On the other hand, if the converse were true and the risk to the plaintiff involved in the election of the second alternative was substantially greater than the risk to her in the election of the first, and less great to the defendant, actionable negligence might be entailed. Ordinarily the question would be for the jury, who, in the determination of the extent of the risks entailed could consider not only the likelihood that some harm would result under either election, but the gravity of the harm threatened under the alternatives. See Restatement of the Law of Torts, Chapter 12, "Negligence", section 295, "Conduct Involving Risk to Another and a Third Person".

However, we have already noted that under circumstances of the instant case the defendant was privileged to act in defense of his property. His interest and privilege in that respect had social value. As the social value of the interest imperiled increases, the magnitude of the risk which is justified diminishes. Therefore, the defendant's act of resisting the robbery as an act tending to imperil his property had some justification over and above an ordinary elective act entailing risk to a third person. Restatement of the Law of Torts, Chapter 12, "Negligence", section 293, "Factors Considered in Determining the Magnitude of the Risk".

Under the agreed statement of facts in the case we observe that in grappling with the bandit the defendant saw and seized an opportunity to grasp the bandit's revolver so that the bandit was unable to fire it. Unfortunately he was unable to retain his hold. While he had the hold the bandit attempted to fire the revolver and was unsuccessful because of the defendant's grasp thereon. Under these circumstances, considered in light of the well-considered law as expressed in the Restatement of the Law of Torts, we are of the opinion that actionable negligence was not shown.

■■ Had the defendant prevailed and wrestled the revolver from the bandit so that the plaintiff had not been shot, defendant would have been a hero, subject to the plaudits of the crowd. That he was not quite strong enough to have accomplished his objective should not lessen his merit in the eyes of society, but rather enhance it. A small man tackling one who is larger and stronger in an attempt to prevent a depredation by the latter merits more es-

teem than a strong man who overpowers a weaker one attempting a similar act. In either event, in the interest of society, the evidence in any similar case should be clear and convincing to the effect that such resistance to evil involved unreasonable risk of grave harm to innocent third persons before any such third person, injured in consequence of the resistance, should be permitted to maintain an action for damages. The defendant in the case before us was not shown to have anticipated that his resistance entailed an unreasonable risk of harm to the plaintiff nor that he should have done so. Indeed, it was not shown that risk to plaintiff of unreasonable degree was actually involved.

Judgment is affirmed.