Hartman, Appellant, *v.* Gieraltowski.

Argued April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Edward O. Spotts,* for appellant.

*H. N. Rosenberg,* with him *Rosenberg and Rosenberg,* for appellee.

OPINION BY WATKINS, J., June 13, 1962:

This is an appeal from a judgment of the Court of Common Pleas of Allegheny County, entered on a jury's verdict in favor of the defendant-appellee, Thomas Paul Gieraltowski, and against the plaintiffs, Betty J. Hartman, the appellant, and William L. Stanley, in a tres-

pass action growing out of an automobile collision; and from the order of the court below refusing a new trial.

The action arose from a rear-end collision that took place March 26, 1956 on East Ohio Street, near its intersection with Heinz Street in the City of Pittsburgh, Pennsylvania. The record shows the Ford automobile of the plaintiffs was stopped in the curb lane, while travelling westwardly on East Ohio Street behind another automobile, when it was struck from behind by the automobile operated by the defendant. At the time of the accident the plaintiff, now Betty J. Hartman, was Betty J. Stanley, wife of William L. Stanley, occupied the front seat of the car with her husband.

The car was stopped in plain view of the defendant's oncoming car, and while he traveled a city block approaching it. He testified that he was travelling about 20 to 25 miles per hour as he approached the intersection. He further testified that when he attempted to apply his foot brake, at least four car lengths away, the brake would not hold; that he had no prior notice of the defect in the brakes; that if they had been working he would have had sufficient time to stop. He further testified that he could not turn into the eastbound lane because of oncoming traffic; and that when he found his foot brake had failed, "went for my emergency brake and it seemed like that was jammed so it wouldn't come out at all, so I figured maybe I will try hopping the curb. So when I hit—The curb was too high, so when I hit the curb—Meanwhile I was putting it in second gear and it slowed me down some, I was going about 10 miles an hour, and when I hit the curb it threw me over to the other car."

The plaintiffs sought to recover for property damage and personal injuries. Upon the return of the verdict in favor of the defendant, a motion for a new trial was filed on behalf of both plaintiffs, which was re-

fused by the court below. This appeal is by the plaintiff, Betty J. Hartman. Her former husband, the plaintiff, William L. Stanley, did not appeal. The appellant complains that the court committed reversible error in the following portion of its charge: "So in this case here, the mere fact that the brakes failed, if it is true that they functioned normally and properly up to that time, and that there was nothing to give a warning to the defendant, if these brakes failed suddenly and the owner did not know and had no reason to know that there was any defective condition of these brakes, then he cannot be charged with negligence for the failure of the brakes and with the accident in this case."

To this portion of the charge the plaintiffs took special exception and the court below emphasized its position by the following colloquy: "As to these additional instructions, Mr. Morrow, I will give you a special exception. MR. MORROW: Your Honor, in view of your most recent addition, I would like you also to charge the jury that the mere sudden failure, should the jury find that there was a sudden failure, in itself is not enough to relieve the defendant of negligence. THE COURT: Mr. Morrow, I have already refused your request and I stand by my charge that if this defendant had no knowledge and no reason to believe and no indication of any happening of this kind then he is not to be charged with negligence. It is only if there was a previous warning or if he had reason to believe or should have known that the brakes were faulty or perhaps if they were faulty when he started out then, of course, he is chargeable with negligence in operating an automobile that was defective and thereby causing an accident. I am not going to say anymore on this point."

We agree that this portion of the charge took from the jury all consideration of defendant's possible negligence from the time of the alleged brake failure to the

moment of impact. It was tantamount to an instruction that the jury must find for the defendant, if they find there was a brake failure. This did destroy the plaintiff's theory of the case that even if the brake failed and even if this case falls within the sudden emergency doctrine it was the jury's function to determine whether the defendant was negligent in what he did or failed to do, until and after the brake failed and whether his action or inaction was only an error of judgment for which he would not be responsible.

The burden of proof throughout the case was, of course, on the plaintiffs but the court below seemed to indicate that the evidence given by the defendant could not be a part of that proof. His testimony as to what he did before and after the brake failure was just as much a part of this case as the testimony of the plaintiffs and there have been many times where a defendant's or his witnesses' testimony may supply the necessary evidence to sustain the plaintiff's burden.

The defendant did testify as to his actions following the brake failure in detail. As the court below said, his explanations were uncontradicted but ". . . it is important to remember that neither a jury nor a judge who sees and hears the witnesses have to believe everything or indeed anything that a plaintiff (or a defendant) . . . or his other witnesses say, even though their testimony is uncontradicted." *Karcesky v. Laria*, 382 Pa. 227, 234, 114 A. 2d 150 (1955).

The jury must determine whether the actions of the defendant, from the time of the brake failure, if they believe there was a brake failure, until the moment of impact, taking into account the court's charge as to negligence and the sudden emergency doctrine, used the means available to him to avoid the accident.

And, of course, negligence cannot be applied because of a failure to perform a duty in such sudden emergency, which did not arise out of the negligence

of the defendant, and where there was no opportunity to apprehend the situation and act accordingly. "When one finds himself in a position of danger which is not the result of his negligence he is not responsible if he makes a mistake in judgment in getting out. An honest exercise of judgment is all that is required of him even if he could have done better had he had time to deliberate." *Noll v. Marian,* 347 Pa. 213, 215, 32 A. 2d 18 (1943).

The court below so charged the jury and then took it away from them by the charge that he cannot be charged for negligence for the failure of the brake and with the *accident in this case.* (Underscoring writers). When specific objection was made to this portion of the charge by the plaintiffs, he reiterated it with even more force.

In *Randolph v. Campbell,* 360 Pa. 453, 62 A. 2d 60 (1948), a defendant driver was forced off the road by the blinding headlights of an oncoming car. The defendant proceeded for some distance on the berm of the road and when he attempted to get back on the highway his automobile overturned. A verdict was rendered in favor of the defendant and the Supreme Court, on appeal, held that the trial judge in his charge unduly emphasized the act of defendant in going off the road and underplayed the possible negligence of defendant after the car went off the road and before it overturned. The Supreme Court, at page 456 said: "The jury must have gotten the impression from the instructions they received that the only thing, if any, on which they could predicate the defendant's negligence was his getting off the road for a distance of one hundred and fifty feet. The important thing was not the defendant's getting off the road; it was his failure, in that situation, to reduce his car's speed at once."

In that case the trial judge did mention the possible liability of the defendant, predicated upon defend-

ant's action after the auto went off the road, as follows: "If there was a blinding temporarily and unexpectedly, then the defendant is not to blame for that except that he must exercise care under the circumstances in bringing his car under control." While in our case the jury was instructed that if they believed there actually was a brake failure, "then he cannot be charged with negligence for the failure of the brakes and with the accident in this case"; in effect, directing the jury to find for this defendant if they believed the brakes failed. Under these circumstances it is apparent that the court below abused its discretion in denying a new trial.

Judgment reversed and a new trial granted as to the plaintiff-appellant, Betty J. Hartman.