247 So.2d 484 (1971)
Michael SCHUBOWSKY, Appellant,
v.
HEARN FOOD STORE, INC., a Dissolved Florida Corporation, and Quitman Eugene Hearn, Appellees.
No. 70-708.
District Court of Appeal of Florida, Third District.
April 6, 1971.
Rehearing Denied May 26, 1971.
Ralph P. Ezzo, Miami, and Richard H.W. Maloy, Coral Gables, for appellant.
Jeanne Heyward and Robert H. Crary, Miami, for appellees.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
CHARLES CARROLL, Judge.
Appellant, a customer in a grocery store owned by the appellees, was injured by a robber's gunshot in a gunfire affray between the store proprietor and two armed robbers, when the proprietor resisted the robbers by attempting to get the "drop" on the robbers and to arrest them. The appellant sued the appellees for damages for personal injuries alleging resistance of the robbers by the proprietor which plaintiff charged was negligent, and alleging the owners were negligent in failing to have an alarm system and for entrusting a firearm to the employee for protection purposes. The trial court directed a verdict for the defendants, and the plaintiff appealed. We hold the ruling of the trial court was correct, and affirm the judgment.
The defendants' employee was privileged and justified in defending his own life and the employers' property when faced by the armed robbers. In resisting the robbers, the proprietor had justification over and above an ordinary elective act entailing risk to a third person. When an opportunity arose to get the "drop" on the robbers, the proprietor was entitled to act upon it in resistance of the robbery. The fact that in the course of his resistance, which succeeded in averting the robbery, the customer who was present was shot by one of the robbers, does not operate to negative the justification of the proprietor to so act in such circumstances. A victim of a violent crime, such as armed robbery, is justified and privileged against liability for an injury which may result from his resistance which otherwise could cause actionable damage. See Miracle v. Kriens, *485 160 Fla. 48, 33 So.2d 644; Yingst v. Pratt, 1966, 139 Ind. App. 695, 220 N.E.2d 276; Helms v. Harris, Tex.Civ.App. 1955, 281 S.W.2d 770; Noll v. Marian, 347 Pa. 213, 32 A.2d 18; 52 Am.Jur., Torts §§ 85, 86; Prosser on Torts, 3rd Ed., §§ 16, 19, 24.
Affirmed.