Lawrence N. KELLY, Appellant,

v.

The KROGER COMPANY, Appellee.

No. 72–1805.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 25, 1973.

Decided Oct. 9, 1973.

Rehearing Denied Nov. 12, 1973.

Richard L. Reid of Steineger & Reid, Kansas City, Kan., for appellant.

J. D. Lysaught, Kansas City, Kan., (Robert H. Bingham, Kansas City, Kan., with him on the brief), for appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This is a diversity suit brought by a resident of Kansas against the defendant, The Kroger Company, an Ohio corporation. The action is for wrongful death, and the plaintiff is the surviving husband of the decedent who was shot and killed in the aftermath of a robbery of defendant's supermarket where she had been shopping. The trial court granted defendant's motion for summary judgment, and plaintiff has taken this appeal.

The record shows that the decedent was a customer in defendant's store in Kansas City, Kansas, when a holdup took place. The robbers entered the front of the store with guns, took money from the checkout stands, and then ordered the store manager to open the safe in his office. The opening of the safe caused an alarm to sound at the Kansas City police department, but not at the store. Several police officers responded immediately to their alarm, and when they entered the front door, the robber ran to the rear part of the store. The police fired a shot at one of the robbers at this time in the store. The decedent was in the rear of the store, and a robber seized her as a hostage or a shield. As the robber left the store at the front, he forced her with him up the street a block or so as he attempted to escape. The police followed and the robber then shot and killed the decedent. The police then shot at the robber as he ran some distance, and captured him. The attempted robbery took place about 1:30 in the afternoon. During the course of the robbery, the store employees did not sound any other alarm nor attempt to direct or assist the police. This store had been robbed about a month before. Some fourteen robberies of grocery stores in the northeastern part of the city, where the store here concerned is located, had taken place in the prior eighteen-month period. An armed guard had been stationed in this store from time to time.

The complaint is based on the theory that the defendant was negligent in store procedure it had adopted to be followed during the course of such a robbery. The negligence alleged is thus the action taken once the holdup was in progress. The allegations are directed particularly to the silent alarm attached to the store safe. The complaint also on a somewhat different theory asserts that it was negligence not to have an armed guard in the store.

The trial court, in granting summary judgment for the defendant, held in effect that no negligence was stated in the allegations, and even had there been it could not have been the proximate cause of the injury because the consequences could not reasonably have been foreseen.

There are several significant Kansas decisions which have considered incidents which are somewhat similar. The standard of care owed to business invitees is clearly set out in Little v. Butner, 186 Kan. 75, 348 P.2d 1022, as one of "due care to keep the premises reasonably safe" for their use, but the proprietor is not an insurer of their safety. The Kansas cases also refer to foreseeability as in Elliott v. Chicago, Rock Island & Pacific R.R., 203 Kan. 273, 454 P.2d 124, and in Stevenson v. Kansas City, 187 Kan. 705, 360 P.2d 1.

It appears that the trial court in its memorandum relied strongly on the Stevenson case, and applied a foreseeability test. The complaint, however, alleges negligence arising from the actions taken by defendant during the course of the holdup. It is these allegations with which we are principally concerned. Thus the foreseeability of the holdup, as such, is not the problem in this aspect of the case.

The defendant had issued a pamphlet to its employees telling them what to do in the event of a holdup. The particular emphasis in the pamphlet was to do

nothing to excite or startle the robbers. It stated in part that many robberies are by young persons who might start shooting if something unexpected should happen. The employees were warned particularly not to give any verbal alarm in the street because this would greatly increase the probability of injury. Thus the plaintiff asserts that the triggering of the silent alarm was not in accordance with the instructions given employees, was not a prudent act, and did not show an exercise of due care for the safety of the customers.

This matter of the propriety of action taken once a dangerous situation exists in a place of business was considered by the Kansas Supreme Court in Kimple v. Foster, 205 Kan. 415, 469 P.2d 281, and that decision is applicable at least to the extent that the plaintiff should be permitted to develop the facts to support his theory if he can do so. In Kimple v. Foster, the court considered the liability of a tavern owner for the injuries suffered by a customer in the course of an altercation in the tavern. The issue was the care owed to the injured customer, and also the propriety of the action taken by the management once the danger became apparent. The proprietor of such an establishment ordinarily must be more alert for trouble than that of a grocery store; that is, the foreseeability that an incident may occur may be greater, and the possibility of injury is from other customers. However, we consider the decision applicable, because the court there refers to the dangerous situation which had developed and considered what the manager should have done about it. Under such circumstances, and as to business invitees, it should make no difference whether the establishment is a tavern or a store. See also 70 A.L.R.2d 621.

The Kansas court in Kimple also considered the length of time which must elapse after the danger becomes apparent before the duty arises. The court cites and quotes from Coca v. Arceo, 71 N.M. 186, 376 P.2d 970, also a bar room case. The time element there stated is that there be ". . . a sequence of conduct sufficiently long to enable the proprietor to act for the patron's safety." This is perhaps an aspect of "foreseeability," not so much that a particular incident may occur, but once one is in progress, when the danger to the customer is evident. Thus under this standard if there is an opportunity to comprehend the danger, negligence can then become a jury question. Coca v. Arceo was an appeal from the granting of a summary judgment, and it cites Priewe v. Bartz, 249 Minn. 488, 83 N. W.2d 116, also cited by the Kansas court in Kimple.

The same theory is advanced by the plaintiff in his complaint, that is, that the danger to customers and employees of the store during the course of the robbery was apparent, and that the wrong action was taken—action which served to increase the hazard and which in fact caused the injury. Under this theory of the case, the granting of summary judgment was error. The defendant did not meet its burden in showing an absence of factual issues relating thereto.

We express no opinion as to the allegation referring to the need for an armed guard in anticipation of a holdup as this allegation has not been herein considered.

The judgment is reversed and the case remanded for further proceedings in accordance herewith.