PER CURIAM.
Plaintiff-appellant appeals a final summary judgment entered in favor of defendant-appellee in this negligence action.
On September 29, 1971 at approximately 6:45 P.M. the deceased, Rafael Salgueiro, while crossing the street was struck by an automobile owned and operated by the defendant-appellee, Miriam Heller Fiumara, and thereby sustained personal injuries. In May 1972 Rafael Salgueiro filed a complaint for damages against the defendant and shortly thereafter on October 28, 1972 complainant died. Subsequently the administrator of Rafael Salgueiro’s estate, plaintiff-appellant herein, filed a second amended complaint alleging that the death of the deceased resulted from the accident on September 29, 1971. Defendant-appel-lee answered denying that she negligently operated her vehicle and further alleging that the deceased’s conduct was so negligent as to constitute the sole cause of his injuries and death. Thereafter, defendant moved for summary judgment. After hearing oral argument thereon, the trial court, finding no genuine issues as to any material facts, entered final summary judgment in favor of defendant-appellee. Plaintiff appeals therefrom. We reverse.
It is fundamental that for the purposes of determining the propriety of an entry of summary judgment for the defendant, on appeal the facts will be viewed in a light most favorable to the plaintiff. See, 2 Fla.Jur. Appeals § 307 (1963) and cases cited therein.
A review of the record on appeal reflects that at her deposition the defendant testified that at the time of the accident it was still daylight, the road was dry and her view was clear and unobstructed.
She further testified that she had driven her vehicle across the intersection by a car length or two when she felt an impact and out of her right rear window saw the deceased fall. One of the police officers who arrived at the scene testified that he *6 detected the odor of alcohol emanating from the deceased, but could not state whether the deceased was in an intoxicated state. Rafael Salgueiro by answer to written interrogatories propounded to him prior to his death stated that before crossing the intersection he saw defendant’s vehicle down the block and it had not reached the corner stop sign. He then proceeded to cross the street and was approximately a foot or two from the opposite curb at the time he was struck. Based upon the above pretrial testimony, we conclude that there were genuine issues as to material facts to preclude the granting of summary final judgment. Cf. Metropolitan Dade County v. Lucas, Fla.App.1969, 228 So.2d 292.
Accordingly, the judgment herein appealed is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.