557 P.2d 195

Robert **BENNETT** and Pat Bennett, husband and wife, John Grimm and Edna Grimm, husband and wife, surviving parents of John Grimm, Deceased, Appellants,

v.

**ESTATE** of Elden P. BAKER, Deceased, and Goldena Baker, his widow, dba Brown Fox Tavern, Appellees.

No. 2 CA–CIV 2115.

Court of Appeals of Arizona, Division 2.

Sept. 14, 1976.

Rehearing Denied Sept. 30, 1976.

Petition for Review Denied Nov. 16, 1976.

Stompoly & Even, P.C. by John G. Stompoly, John Patrick Lyons and Mary Lou Spikes, Tucson, for appellants.

Everett, Bury & Moeller, P.C. by Leonard Everett, Tucson, for appellees.

## OPINION

KRUCKER, Judge.

Appellants brought a negligence action claiming damages for the resulting injury to appellant Bennett and for the wrongful death of John Grimm. The trial judge granted summary judgment in favor of appellees and this appeal follows. We affirm.

The somewhat unusual fact situation follows. Elden P. Baker and his wife, Goldena, were the owners and operators of the Brown Fox Tavern, Appellants Robert and Pat Bennett were patrons of the Brown Fox Tavern, along with John Grimm and others. They were all present as customers on the night of December 14, 1973. At about 10:45 Mitchell Blazak entered the tavern wearing a ski mask and demanded money from the bartender, Elden P. Baker, with a threat to shoot him if the money was not forthcoming. Baker retorted, "Piss on you, go ahead and shoot me, you are not getting my money." Blazak shot Baker four times, killing him, and shot Robert Bennett and John Grimm once, seriously injuring Bennett and killing Grimm. The facts are not in dispute and appellees admit, for the purpose of the motion for summary judgment, any material facts appellants claim are in dispute.

Three questions are presented for our decision:

"1. Should summary judgment have been denied, since appellees admitted all material facts, and it is not clear that appellees are entitled to judgment as a matter of law?

2. Did appellee Baker owe appellants the duty of keeping his premises reasonably safe, and did this include the duty not to increase the risk of criminal activity by antagonizing a robber?

3. Did appellee Baker breach his duty to appellants and is he, therefore, liable for the subsequent injury and death?"

The law in Arizona establishes that a motion for summary judgment can be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Rules of Civil Procedure, 16 A.R.S.; *Fendler v. Texaco Oil Company*, 17 Ariz.App. 565, 499 P.2d 179 (1972). In reviewing a motion for summary judgment, the appellate court must

review the record in the light most favorable to the party opposing the motion. *Hensley v. Town of Peoria,* 14 Ariz.App. 581, 485 P.2d 570 (1971).

■ The material facts set forth in this opinion are not in dispute, and we fail to find any disputed factual inferences which arise from the undisputed facts in this case. Rather, it is the legal conclusions to be drawn from these facts that are in actual dispute and these are properly resolved by the court sitting in its capacity as judge and not in its capacity as trier of fact. *Scottsdale Jaycees v. Superior Court of Maricopa County,* 17 Ariz.App. 571, 499 P.2d 185 (1972).

We perceive the disputed legal conclusions to be decided under the undisputed facts of this case to be simply (1) Whether Baker owed appellants the duty that they now contend, and (2) whether this duty, if it existed, was breached. By answering the first of these questions, we dispose of the second.

■ Actionable negligence arises only when there is a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, defendant fails to perform this duty, and the plaintiff is injured as a proximate result of such failure. *City of Scottsdale v. Kokaska,* 17 Ariz.App. 120, 495 P.2d 1327 (1972). In the absence of any one of these elements, no action for negligence will lie. *Vivian Arnold Realty Co. v. McCormick,* 19 Ariz. App. 289, 506 P.2d 1074 (1973).

■ It is well-established that an owner of premises is under an affirmative duty to make said premises reasonably safe for use by invitees. *Burke v. Arizona Biltmore Hotel, Inc.,* 12 Ariz.App. 69, 467 P.2d 781 (1970); *Compton v. National Metals Company,* 10 Ariz.App. 366, 459 P.2d 93 (1969). However, a barkeeper is not an insurer of the safety of his patrons and is not required at his peril to keep the premises absolutely safe. *Pierce v. Lopez,* 16 Ariz.App. 54, 490 P.2d 1182 (1971).

■ The novel question before us is whether the primary duty of making premises reasonably safe for invitees encompasses the additional duty not to increase the risk of criminal activity by refusing to comply with the demands of a robber. Although our research has failed to uncover a single case in this State on point, similar fact situations have arisen in other jurisdictions.

In *Noll v. Marian,* 347 Pa. 213, 32 A.2d 18 (1943), the court held that no cause of action existed. The plaintiff was a depositor in a bank when an armed robber entered and announced, "It's a holdup. Nobody should move." 32 A.2d at 19. The bank teller instead of obeying the order, dropped down out of sight. The gunman then opened fire and wounded the plaintiff. The court held that even though the plaintiff might not have been injured if the teller had stood still, the teller did not act negligently in attempting to save himself and his employer's property.

In *Schubowsky v. Hearn Food Store, Inc.,* 247 So.2d 484 (Fla.App.1971), appellant, a customer in a grocery store, was injured by a robber's gunshot in a gunfire affray between the store proprietor and two armed robbers after the proprietor had attempted to get the "drop" on the robbers and arrest them. The appellant claimed that the resistance by the proprietor was negligent. The District Court of Appeals affirmed a directed verdict in favor of appellee.

Finally, in *Helms v. Harris,* 281 S.W.2d 770 (Tex.Civ.App.1955), plaintiff was a patron in a market when a masked bandit entered and attempted to hold up the checking stand cashier. The cashier grabbed the robber's revolver and unsuccessfully wrestled with the intruder for its possession. The bandit prevailed, fired a shot at the checking stand and then proceeded to flee from the market. As he retreated, he turned, fired and wounded the plaintiff who was running in the opposite direction. The court held that the patron failed to es-

tablish that the operator's resistance to the holdup created an unreasonable risk of harm to the patron and could not recover.

In the present case, an analysis of all pertinent factors leads us to the conclusion that no duty to accede to criminal demands should be imposed. Appellee was the victim of a violent crime. He was faced with two alternatives. He could either yield the right and privilege of protecting his property, or he could assert that same right and privilege by attempting to resist the crime being perpetrated upon him. Baker chose the path of verbal rather than physical resistance. His statement certainly did not involve the same degree of danger as the physical actions in *Helms* and *Schubowsky*.

As the *Schubowsky* court noted:

"In resisting the robbers, the proprietor had justification over and above an ordinary elective act entailing risk to a third person. When an opportunity arose to get the 'drop' on the robbers, the proprietor was entitled to act upon it in resistance of the robbery. The fact that in the course of his resistance, which succeeded in averting the robbery the customer who was present was shot by one of the robbers, does not operate to negative the justification of the proprietor to so act in such circumstances." 247 So.2d at 484.

To hold otherwise could lead to unfortunate results. Few proprietors would be willing to offer resistance to armed robbers if they were burdened by the constant fear of civil suit.

"The existence of this dilemma and knowledge of it by those who are disposed to commit such crimes will only grant to them additional leverage to enforce their criminal demands." *Boyd v. Racine Currency Exchange, Inc.,* 56 Ill.2d 95, 306 N.E.2d 39, 42 (1973)

Further, mere compliance with the demand of the criminal does not provide the desired assurance that the risk to an invitee will be substantially reduced. In short, the only persons who clearly benefit from the imposition of such a duty are the criminals themselves. 306 N.E.2d at 42.

As it is the public policy of this State to deter rather than facilitate unlawful acts, we cannot afford to put yet another weapon at the disposal of the criminal.

Since appellees were entitled to judgment as a matter of law, their motion for summary judgment was properly granted.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concurring.