**Gene C. ADKINS and Ina Mae Adkins, Appellants,**

v.

**ASHLAND SUPERMARKETS, INC., a Kentucky Corporation, d/b/a Ashland Foodland, Robert A. Craycraft, and Evelyn J. Craycraft, Individually and as Executrix of the Estate of Clayton B. Craycraft, Deceased, Appellees.**

Court of Appeals of Kentucky.

May 5, 1978.

Discretionary Review Denied Sept. 12, 1978.

William A. Todd, Theodore B. Walter, Lexington, for appellants.

David O. Welch and Ralph T. McDermott, Ashland, for appellees.

Before HAYES, REYNOLDS and HOGGE, JJ.

REYNOLDS, Judge.

Upon a motion to dismiss, the Boyd Circuit Court, by order and judgment, dismissed the appellants' complaint for failure to state a claim against the appellees. The propriety of that ruling is the sole question presented on this appeal.

The appellants, Gene Adkins and wife, Ina Mae Adkins, alleged that while Mr. Adkins was a guest in appellees' grocery store it was robbed at gun point by a third person. Additionally, it was pled that the robber was known by the appellees as the person who had committed an armed robbery of the grocery store upon a previous occasion and was also accused of other armed robberies, one of which had resulted in injury to a victim, and that during the course of this armed robbery the appellees negligently and recklessly attempted to obstruct the completion of the robbery by disobeying directions and instructing their employees to disobey the robber's directions and by becoming verbally quarrelsome with the robber. The complaint further alleged the robber was provoked by appellees' actions until he discharged his pistol, thereby wounding the appellant, Gene Adkins. The store operator was killed and his wife was wounded, and this action was filed against the store corporation, the estate of the store operator and his wife.

The unusual question before us in this case concerns whether the basic duty of making business premises reasonably safe for invitees includes an additional duty not to increase risks of criminal activity by failing to comply with the demands of an armed robber. The appellees (defendants below) filed a motion to dismiss in response to appellants' complaint. The issue, capably briefed by both parties before the trial court, tested the legal sufficiency of appellants' claim. Accepting the facts of this case to be set as set forth in the allegations, we determine that appellees did not owe the appellants the duty that they contend and that no cause of action therefore existed. While it is well established that an owner or operator of premises is under an affirmative duty to make the premises reasonably safe for use by guests and invitees, a store operator is not an insurer for the safety of his patrons and is not required at his peril to keep the premises absolutely safe. The resistance in the case before us lacks the intensity of the action taken by a

proprietor in an affray between the store operator and armed robbers wherein the court subsequently directed a verdict in favor of the proprietor. See *Schubowsky v. Hearn Food Store, Inc.*, 247 So.2d 484 (Fla. App.1971). For additional authority, see *Helms v. Harris*, 281 S.W.2d 770 (Tex.Civ. App.1955). The Pennsylvania court in the case of *Noll v. Marion*, 347 Pa. 213, 32 A.2d 18 (1943) held that no cause of action existed where a bank teller disregarded the orders of a gunman who then opened fire and wounded a customer. The court reasoned that even though the customer may not have been injured if the bank employee had remained still, there was no act of negligence when the bank teller attempted to save himself and his employer's property. The fact that the invitee was injured in the course of appellees' resistance did not operate to negate their justification to act as they did, under the circumstances alleged in the complaint.

The factual allegations in this case do not bring it within a situation wherein the store owners (appellees herein) are under a special responsibility toward the one who suffers harm. Appellants have failed to convince us that Kentucky courts have adopted § 292, § 302B and § 449 of *Restatement of Torts 2d* and have cited *Kelly v. Kroger Company*, 484 F.2d 1362 (10th Cir. 1973) and *Genovay v. Fox*, 50 N.J.Super. 538, 143 A.2d 229 (1958), which are supportive of their argument. Such cases, however, demonstrate the difference of authority among other courts, which we are not compelled to adopt. However, in the present case an analysis of the most distinguishing factors leads us to the determination that no absolute duty should be imposed upon appellees to accede to criminal demands. They could have either yielded their right and privilege of protecting themselves and their property, or they could have asserted the same right and privilege by attempting to resist the crime by a perpetrator upon them. Herein they chose a verbal resistance which was certainly less than a physical resistance and under most planes of rationality would not involve the same degree of danger as would physical

actions. The case of *Bennett v. Baker*, 27 Ariz.App. 596, 557 P.2d 195 (1976) held:

[M]ere compliance with the demand of the criminal does not provide the desired assurance that the risk to an invitee will be substantially reduced. In short, the only persons who clearly benefit from the imposition of such a duty are the criminals themselves.

Therefore, in this case, appellees' verbal resistance does not constitute a violation of a duty that may have been owed to appellants. We believe that to hold otherwise would abandon or so weaken the objective of social utility that store owners and proprietors would be coerced into offering total acquiescence to armed robbers for fear of civil litigation which, in effect, furnishes a criminal with an additional coercive advantage.

The judgment is affirmed.

ALL CONCUR.