Jerry B. HORST and Shirley Horst, by and through Jerry B. Horst, next of kin and surviving father of Terri Michelle Horst, a minor, deceased, Appellants,

v.

SIRLOIN STOCKADE, INC., a Nevada corporation, Appellee.

Larry LINDSAY, next of kin and surviving father of David Lindsay, a minor, deceased, Appellant,

v.

SIRLOIN STOCKADE, INC., a Nevada corporation, Appellee.

Alvin E. SALSMAN and Novella Salsman, by and through Alvin E. Salsman, next of kin and surviving father of David Gregory Salsman, a minor, deceased, Appellant,

v.

SIRLOIN STOCKADE, INC., a Nevada corporation, Appellee.

No. 55873.

Supreme Court of Oklahoma.

May 17, 1983.

Rehearing Denied June 28, 1983.

Larry A. Tawwater, Lampkin, Wolfe, McCaffrey & Tawwater, Oklahoma City, for appellant Horst.

Ronald W. Horgan, Law Office of John W. Norman, Inc., Oklahoma City, for appellants, Lindsay and Salsman.

John T. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellee.

BARNES, Chief Justice:

The appellants are the next of kin of three minors, Terri Michelle Horst, David Lindsay, and David Gregory Salsman, who were murdered while working for Sirloin Stockade, Inc., appellee, at one of appellee's restaurants. The murders were committed by Roger Dale Stafford, his wife, and his brother and occurred on July 16, 1978, less than one month after the perpetrators had murdered the Melvin Lorenz family. Appellants allege that negligence on the part of Sirloin Stockade Corporation and its agent was the proximate cause of the wrongful death of the three minors. Appellee demurred for failure to state facts sufficient to constitute a cause of action to the Second Amended Petitions of the appellants. The trial court sustained the demurrers, the appellants elected not to amend further, and the cases were dismissed.

When they died, Terri Michelle Horst and David Gregory Salsman were fifteen (15), and David Lindsay was seventeen (17). The killings took place at 11:00 p.m.

Appellants' first contention, applicable only to Horst and Lindsay, is that appellee violated state and federal labor laws by allowing the minors under sixteen (16) to work after 9:00 p.m.; however, appellant never cited any statute containing such language. An argument in a brief which is unsupported by a citation of authority is not sufficient to overcome the presumption in favor of the correctness of the trial court's decision and will not be considered. *Vaughn v. Texaco, Inc.*, 631 P.2d 1334 (Okl.App.1981).

Appellants' also allege that the appellee failed to provide adequate security in and about the building, in that the back door was not locked, there were no alarms or other security devices, and there were no security personnel present. The law in Oklahoma requires that an employer provide a reasonably safe place in which to work. *McMillin v. Barton-Robison Convoy Co.*, 182 Okl. 553, 78 P.2d 789 (1938). To state a cause of action in negligence against an employer an employee must allege: (1) a duty by the employer to protect the employee from the danger; (2) a failure by the employer to perform the duty; and (3) an injury which is proximately caused by that failure. *Sears, Roebuck & Co. v. Skeen*, 207 Okl. 180, 248 P.2d 582 (1952).

In *McMillin,* the issue was the same as the one presently before us: Did the employer fail to furnish the employee a safe place to work as required by law? In *McMillin,* an employee was murdered by robbers who were illegally in possession of the employer's premises, and engaged in stealing an automobile. We held that the plaintiff had not presented sufficient evidence to show that the employer failed to provide a safe place to work. This court said, "[w]e are unable to see that an employer has a general duty to protect his employees from the assaults of criminals. We are likewise unable to see that there are any exceptional circumstances in this case which would give rise to such a duty." *Id.*

78 P.2d at 790. See *Davis v. Allied Supermarkets,* 547 P.2d 963 (Okl.1976).

In the case at bar, we find that appellants have not established any exceptional circumstances which would give rise to such a duty.

■ The appellants' third theory is that an agent of the appellee negligently provoked the killings by communicating in a hostile manner with the assailants. Appellants contend that the reasoning in *Kelly v. Kroger Co.,* 484 F.2d 1362 (10th Cir.1973) should be followed in this case. In *Kelly,* the court was concerned with the propriety of the actions of store employees during a holdup in which a customer was shot and killed by a robber after she was taken hostage when police responded to a silent alarm activated by an employee. The employer had issued to its employees a pamphlet which emphasized that during a holdup, they were to take no action which would excite or startle the robber. The court held that under the circumstances a cause of action did exist. Other courts have found that in such situations the issue of whether violence could have been avoided is speculative, and therefore not the basis of a cause of action. See *Bennett v. Estate of Baker,* 27 Ariz.App. 596, 557 P.2d 195 (1976); *Boyd v. Racine Currency Exchange, Inc.,* 56 Ill.2d 95, 306 N.E.2d 39 (1973). We subscribe to the *Bennett* and *Boyd* doctrine. Appellants have failed to state a cause of action.

The action of the trial court sustaining the demurrers is AFFIRMED.

SIMMS, V.C.J., and IRWIN, LAVENDER, HARGRAVE and OPALA, JJ., concur.

HODGES, DOOLIN and WILSON, JJ., dissent.