JORGENSON, Judge.
Wilford and Cynthia Alexander appeal a final summary judgment entered by the trial court in favor of Heather Allen. We affirm.
Wilford Alexander, a guest of Allen’s, was wounded during an armed home invasion and, as a consequence, suffered catastrophic injuries. Several of Allen’s friends, including Alexander, were visiting one evening on Allen’s front porch. Allen was inside her home watching television with her two young children. Two armed men suddenly appeared on the porch, forced the visitors into the house, and cautioned everyone to be quiet. According to Alexander’s deposition testimony, Allen began to scream, whereupon the gunmen opened fire. Alexander sustained multiple gunshot wounds and was rendered a paraplegic.
Alexander brought an action for damages against Allen. Count I of the com *1373 plaint alleged that Allen was unreasonable and negligent in screaming and that she knew or should have known that her screams would provoke the gunmen into shooting Alexander. In Count II, Alexander’s spouse alleged loss of consortium. Allen answered, raised affirmative defenses, and subsequently moved for summary judgment. She asserted, inter alia, that she owed no duty to Alexander under the facts and circumstances and that her alleged conduct did not amount to negligence as a matter of law. Before ruling on the motion, the trial court received a memorandum of law in support of the motion and deposition testimony from Allen and the Alexanders. The trial court then granted the motion and entered judgment accordingly.
In reviewing an order on final summary judgment, this court must view the record in a light most favorable to appellants and indulge every reasonable inference of fact in their favor. Salgueiro v. Fiumara, 305 So.2d 5 (Fla.3d DCA 1974). We assume, therefore, that Allen began to scream and continued to scream until the gunmen started shooting. Where an injury is caused by the active conduct of the putative tortfeasor, an ordinary negligence standard applies.[1] Hix v. Billen, 284 So.2d 209 (Fla.1973); Whitlock v. Elich, 409 So.2d 110 (Fla. 5th DCA 1982). The question is whether Allen’s failure to obey the gunmen’s instructions to keep quiet constitutes a failure to exercise ordinary care. We hold that it does not. “A victim of a violent crime, such as armed robbery, is justified and privileged against liability for an injury which may result from his resistance which otherwise could cause actionable damage.” Schubowsky v. Hearn Food Store, 247 So.2d 484 (Fla.3d DCA 1971), writ discharged, 261 So.2d 162 (Fla.1972). See also Noll v. Marian, 347 Pa. 213, 32 A.2d 18 (1943). We note that nothing in the record raised a question of fact concerning whether Allen was engaged in a dangerous or illegal activity in her home at the time of the shooting which might have created a foreseeable risk of harm from a third party and thereby occasioned liability on Allen’s part.
The order under review is affirmed.

. Allen mistakenly relies upon Trianon Park Condominium v. City of Hialeah, 468 So.2d 912 (Fla.1985) (no common law duty for private person to enforce law for benefit of another or to prevent misconduct of third parties) and the rule stated in section 315 of the Restatement (Second) of Torts (1964) (no duty of care absent special relationship). Neither is applicable where, as here, the negligence complained of is grounded upon an affirmative act which allegedly created an undue risk of harm.