113 N.J. Super. 465 (1971)
274 A.2d 301
JOHN PICCO, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF FREDERICK PICCO, AN INFANT, PLAINTIFF-RESPONDENT,
v.
FORDS DINER, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1971.
Decided March 1, 1971.
*466 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Thomas P. McHugh argued the cause for appellant (Messrs. Gurry & Conlan, attorneys).
Mr. Andrew M. Rockman argued the cause for respondent (Messrs. Levinson, Conover, Lieberman & Fink, attorneys).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
Plaintiffs sued defendant corporation, the operator of a diner, for damages resulting from injuries suffered by the infant plaintiff while a patron at the diner when he was assaulted by unknown persons in the parking lot at the rear of the diner.
The infant plaintiff and a companion had driven to defendant's diner at about 11 P.M. for coffee. The parking spaces in front of the diner were occupied and plaintiff, who was driving, went around to the rear of the diner and parked in the area also provided there for diner patrons. Plaintiff and his companion went into the diner and had coffee. Plaintiff left the diner ahead of his companion who was paying the check. As plaintiff walked around to the rear parking area he was assaulted by unknown persons *467 and received serious injuries. The proofs showed that there were two spotlights and a fluorescent light in the rear of the diner, but both plaintiff and his companion testified that none of these lights was on at the time of the assault. The basis of plaintiffs' claim of negligence was the duty owed the infant plaintiff, as a patron, and the alleged foreseeability of a criminal assault on a patron in the unlighted rear area during night hours.
The jury found in favor of plaintiffs and awarded total damages of $4,300. On motion, the trial court set the damage award aside as inadequate (plaintiffs' specials were $3,300), and ordered a new trial on damages only. At the retrial, plaintiffs were awarded $9,000.
Defendant argues that the evidence failed to present a jury issue as to liability and that its motion for judgment, and judgment notwithstanding the verdict, should have been granted. Specifically, it is argued that in the absence of any proof of a crime area or prior assaults on diner patrons, defendant could not have reasonably anticipated such an occurrence and was under no duty to provide lighting in the rear parking area as a means of discouraging possible criminal assaults.
The question is a close one. However, we conclude that the trial judge correctly held that a jury issue was involved. The infant plaintiff was a business invitee on the premises. One of the facilities provided for use of patrons was the rear parking area. Defendant was under a duty to use reasonable means to protect patrons from mishap while using the area. Absence of any night illumination of this parking area might reasonably be considered a dereliction on the part of defendant, which contributed proximately to the criminal assault. 3 Restatement, Torts 2d, § 448 (1966). It is common knowledge that lighting an area during night-time hours deters criminal activity. We think that a jury could reasonably conclude that the relationship between the parties created a duty to provide illumination as a protection. As stated in Goldberg v. Housing Authority of Newark, *468 38 N.J. 578, 583 (1962), "Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution." Here, there was some evidence that lighting facilities were furnished, although they were not on at the time.
While we hold that a jury issue as to liability was presented, we conclude that the trial court erred in refusing to permit defendant's only witness, Manglaris, to testify because his name had not been furnished as a person having knowledge of the facts concerning the accident in the answer to interrogatories. This ruling effectively prevented defendant from presenting to the jury its sole defense to plaintiffs' suit, namely, that there was lighting in the rear parking area which was turned on at the time of the assault. Plaintiffs would not have been surprised or prejudiced by allowing Manglaris to testify. Manglaris had signed the answers to interrogatories on behalf of defendant, which answers disclosed that he was on the premises on the night of the assault and what the lighting conditions were in the front and rear of the diner. In Reilly v. Spiegelhalter, 100 N.J. Super. 276 (App. Div. 1968), we held that where there is an unwitting failure to supply a name in answer to an interrogatory, the court should weigh the effect of the failure in the particular case, the basic objective being to give each party his day in court while at the same time protecting the other party from surprise or prejudice. Here, defendant was foreclosed from having the jury consider its only defense to plaintiffs' suit. Because of this the issue of liability must be retried.
The assessment of damages is something else. This question was tried twice, the second time apart from the issue of liability. Both parties agree that the $9,000 award is sustainable on the proofs. We see no good reason for retrying the issue of damages. The $9,000 award will stand subject to the outcome of the retrial of the liability issue. No costs on this appeal.