Eva Mae DAVIS and Spurgeon E. Davis,
Appellants,

v.

ALLIED SUPERMARKETS, INC., a
Delaware Corporation, et al.,
Appellees.

No. 48183.

Supreme Court of Oklahoma.

March 9, 1976.

Paul F. Fernald, Keller & Fernald, Oklahoma City, for appellants.

Kenneth R. Webster and George D. Davis, McKinney, Stringer & Webster, Oklahoma City, for appellees.

DAVISON, Justice:

The plaintiff (appellant), Eva Mae Davis, alleges she was physically injured and suffered loss of a purse and its contents by a purse snatching assault by an unknown assailant, which assault occurred at ten o'clock at night in a parking lot operated by defendants, (appellees), in connection with a grocery supermarket located at 2201 N.E. 23rd Street, Oklahoma City, Oklahoma. The appellant, Spurgeon E. Davis, husband of Eva Mae Davis, is a party plaintiff because of past and future medical expenses for his wife.

The alleged negligence of the appellees consisted of failure to provide adequate and suitable lighting and personnel at its place of business in an area which the appellees knew had "a high prevalence of crimes."

The trial court sustained a demurrer to the petition on the grounds that it failed to state a cause of action. The appeal here is from that order.

The appellants assert that the trial court relied primarily in its ruling on the case of *McMillin et al. v. Barton-Robison Convoy Co.*, 182 Okl. 553, 78 P.2d 789 (1938). We are sure this is correct and we note that the appellees, in asking affirmance of the trial court's ruling, likewise rely primarily on this case.

The appellants do not attempt to distinguish the *McMillin* case from the present case. The appellants forthrightly ask that we overrule that decision.

The *McMillin* case involved a wrongful death action in which the deceased was an employee of the defendant and was murdered by robbers who were engaged in stealing an automobile from the employer's place of business. The basis of the cause of action was an alleged failure to provide the deceased with a reasonably safe place to work. It was charged that there was a high prevalence of crime and that the defendant had recognized this by employing a guard, but that at the time in question there was "not a sufficient number of these guards, or watchmen, to afford proper protection."

The evidence in that case showed a great amount of crime in the immediate area and that automobiles were stolen from this employer both before and after the killing involved. The opinion recites that this employer had knowledge of the threat as indicated by the presence of his armed guard and the use of additional guards on occasion. There were other allegations in the case and we note one being the failure to keep the premises properly lighted.

In that case, the trial court had sustained a demurrer to the evidence. This Court in affirming stated in its syllabus that:

"1. A master owes to an employee a legal duty to furnish the employee a reasonably safe place to work, but this duty does not include an obligation to protect the employee against assaults by robbers perpetrating a crime in the master's workshop."

The opinion pointed out that there are two facets to the question of liability. The first is primary negligence and the second being proximate cause. That opinion was based, as was the trial court's action, on the failure in primary negligence; although the additional consideration of lack of proximate cause could have been considered since the defendant there as here also urged that the injury was due solely to an act of an intervening, independent third party.

The *McMillin* case in alluding to the duty of the defendant and thus the question of primary negligence makes this statement:

"We are unable to see that an employer has a general duty to protect his employees from the assaults of criminals. We are likewise unable to see that there are any exceptional circumstances in this case which would give rise to such a duty. To so find would be tantamount to saying that the town of Pincher is a condemned community. We would be saying, in legal effect, that those who live there and those who engage in business there are not exercising the prudence and judgment of ordinary people. To hold what the plaintiffs want us to hold would result in saying that every business man in the town of Picher is guilty of negligence toward those he employs and is answerable to them for their damages suffered as the result of the act of some criminal."

On the question of the duty of a businessman and thus, the issue of primary negligence, we believe the *McMillin* case is dispositive of the issue before us and we see no reason why that decision should be overruled as asked by appellants.

If the *McMillin* case lays down a rule which covers and decides the issue now before us, on what basis are we urged to

overrule it? The appellant's argument is that "since the *McMillin* case, supra, there have been advancements in this area of the law and a new, acute problem with criminal activity." Conceding that the criminal problem is quite serious, although it is difficult to see a much worse state of criminality than that which is recited in the *McMillin* case, we do not see how a departure from our previous holding would be legally justified.

In all cases of purse snatching, it could be said that there were not enough guards. If there had been enough guards, the offense would not have occurred. This being true, to sustain the appellants' position would for all practical purposes put the business owner· in the position of an insurer. An insurer against what? Crime.

One may argue the social advantages of shifting or equalizing the burden of victims of crime, but aside from the question of propriety in this litigation, it does not seem that shifting the financial loss caused by crime from one innocent victim to another innocent victim is proper.

On the question of lighting, our attention is called to two cases which take an opposite view to what we express here: *Fancil v. Q. S. E. Foods, Inc.*, 19 Ill.App.3d 414, 311 N.E.2d 745 (1974); *Picco v. Fords Diner, Inc.*, 113 N.J.Super. 465, 274 A.2d 301 (1971). While these cases involved situations of no lighting as distinguished from our situation where the allegation was of inadequate lighting and the appellees note some other factual differences, we regard them as largely contrary to our opinion. To the extent that they are contrary to the views expressed herein, we simply do not agree with them. We would

not regard them as constituting any new trend in the law as appellants suggest.

The appellants cite one additional case that should be mentioned which is *Kelly v. Kroger Company*, 484 F.2d 1362 (10th Cir. 1973). That case was a wrongful death case where the lower federal court had granted the defendant a summary judgment. The decedent was shot and killed in the aftermath of a robbery of defendant's supermarket where she had been shopping. The trial court had relied on the Kansas authority of *Stevenson v. Kansas City*, 187 Kan. 705, 360 P.2d 1 (1961) and the court in overruling the trial court distinguishes the case by saying that in the *Kelly* case, the allegations with which they were concerned were actions taken during the course of the holdup. In so distinguishing the facts in the *Kelly* case, it also distinguished its facts from our present case.

The Kansas Court in the *Stevenson* case closely follows the position we take herein. The *Stevenson* case is also persuasive on a second aspect of the issue here, namely the question of proximate cause.

Aside from the *McMillin* case position on primary negligence, it seems to be that the proximate cause of the appellants' damages in this case was the independent, intervening criminal act of a third party. While we decide this case primarily on the question of primary negligence as we did in the *McMillin* case, we think the consideration of proximate cause confirms the conclusion we reach. See *Cunningham v. Pratt*, Okl., 392 P.2d 725 (1964). Also *Merchants Delivery Service, Inc. v. Joe Esco Tire Co.*, Okl., 533 P.2d 601.

The order of the trial court sustaining the demurrer to the petition is affirmed.