**Mildred Diann EDINGTON, Appellant,**

**and**

**David Edington, Plaintiff,**

v.

**A & P ENTERPRISES, INC., Appellee.**

**No. 80413.**

Court of Appeals of Oklahoma,
Division No. 1.

April 5, 1994.

Certiorari Denied July 20, 1995.

Clifford E. Briery, II, Norman, for appellant.

Harris A. Phillips, Niemeyer, Noland & Alexander, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

Mildred Diann Edington and David Edington sued A & P Enterprises, Inc., for injuries to Mrs. Edington and a resulting loss of consortium by Mr. Edington caused when Mrs. Edington was attacked by an apparently unknown purse-snatcher in the parking lot outside Mama Lou's Restaurant. A & P owns and operates Mama Lou's. The Edington's claimed A & P should have known the attack was likely to occur and provided better protection or warning to Mrs. Edington.

A & P filed a summary judgment motion. After considering the evidentiary material submitted by both sides, the trial court concluded A & P had no duty to Mrs. Edington and any negligence by A & P employees could not be the proximate cause of her injuries. Accordingly, the trial court entered judgment against the Edingtons in favor of A & P. Only Mrs. Edington appeals, claiming summary adjudication was inappropriate because the evidentiary materials in the record reveal questions of material fact about A & P's liability.

### FACTS

In the early morning hours of August 8, 1989, Mrs. Edington went with a friend to Mama Lou's Restaurant for a meal. After they finished and exited the restaurant to the adjacent parking lot, Mrs. Edington was attacked by a third party attempting to snatch her purse. Mama Lou's night manager, Ms. Lewis, immediately rushed to Mrs. Edington's aid and notified police.

No violent crimes had been committed on the premises for five years prior to the attack on Mrs. Edington. Although two automobile burglaries had been committed on the premises on successive nights in 1987, the culprit was caught during an attempt on the third night. Ms. Lewis was not aware of any suspicious activity on the premises and had not been informed by any other employees of such activity.

However, another A & P employee, Ms. Marchant, testified by affidavit as follows:

1. On the 8th day of August, 1989, I was employed as a waitress at MaMa [sic] Lou's Restaurant on South I–35 and 29th Street.

2. In the early morning hours of August 8, 1989, I was on duty as a waitress.

3. At that time and place, I observed, for approximately three hours, an individual loitering in the parking lot.

4. During that time, the individual would leave the parking lot and return on several occasions.

5. I and my co-workers suspected that that [sic] individual was contemplating some crime and agreed among ourselves to watch the individual and our vehicles to make certain he did not break into the vehicles.

6. Although I and my co-workers suspected the individual of contemplating criminal conduct, we did not call the police.

7. Shortly thereafter, I became aware that Mildred Diann Eddington [sic] was assaulted by an individual fitting the description of the person I had observed in the parking lot in front of MaMa [sic] Lou's Restaurant and I so advised the police officer.

### ANALYSIS

In addressing Mrs. Edington's claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and A & P is entitled to judgment as a

matter of law. *Perry v. Green,* 468 P.2d 483 (Okla.1970). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Mrs. Edington. *Ross v. City of Shawnee,* 683 P.2d 535 (Okla.1984). We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Cas. Co.,* 698 P.2d 17 (Okla.1985).

We must also consider the effect of *Taylor v. Hynson,* 856 P.2d 278 (Okla.1993), which was decided after the trial court's judgment in this case. In *Taylor,* the Court considered whether McDonald's had a duty to warn or provide security to protect a customer who was attacked in the parking lot by a group of individuals who had previously been asked to leave the establishment because they had been harassing patrons by using profanity and calling them names.

Quoting from Restatement (Second) of Torts § 344, comment f (1965), the Court recognized that a business invitor has no duty to protect invitees from criminal assault by third persons "unless the invitor knows or has reason to know 'that the acts of the third person are occurring, or are about to occur.'" *Taylor,* 856 P.2d at 281. Based on the McDonald's employee's prior knowledge of the group's actions, the Court concluded summary judgment was inappropriate on the question of McDonald's duty to the injured customer.

■ In this case, Ms. Marchant's affidavit creates a fact issue which precludes summary adjudication. She and her co-workers were not only aware of suspicious activity in Mama Lou's parking lot, but they were concerned enough to "watch the individual and [their] vehicles." As in *Taylor,* the knowledge of A & P's employees must be imputed to the employer. On the evidentiary material in this record, reasonable people could conclude that A & P's employees had reason to know that criminal acts of third persons were about to occur.

A & P also contends the criminal act of a third party is a superseding cause which prevents its negligence, if any, from being a proximate cause of Mrs. Edington's damage, citing *Davis v. Allied Supermarkets, Inc.,*

547 P.2d 963 (Okla.1976). As A & P appears to concede, *Lay v. Dworman,* 732 P.2d 455 (Okla.1986), eroded this rule in the landlord/tenant context, although the Court did not specifically address the *Davis* proximate cause dictum upon which A & P relies.

Similarly, *Taylor* appears to negate that rule in the business invitor/invitee context where the invitor has a duty to protect against the criminal act. The continued viability of such a rule in these cases would lead to an absurd conclusion, *i.e.,* although A & P may have violated a duty to protect Mrs. Edington from the criminal act, that criminal act, from which A & P was supposed to protect Mrs. Edington, prevents A & P from being liable for its negligence.

Recognizing that *Lay* may have signalled a change in the Court's view on this issue, A & P also argues that its negligence, if any, created no more than a condition and was therefore not a proximate cause of Mrs. Edington's damage. According to Ms. Marchant's affidavit, the person she saw in the parking lot and about whom she was concerned matched the description of the individual who attacked Ms. Edington. Reasonable people might conclude that if Ms. Marchant or her co-workers had alerted others to their suspicions, warned customers, or called the police, the assault on Ms. Edington would have been avoided.

### CONCLUSION

■ The evidentiary materials presented to the trial court, when considered in the light most favorable to Mrs. Edington, reveal controversies of material fact concerning A & P's duty to Mrs. Edington and whether a violation of that duty was a proximate cause of Mrs. Edington's damage. Summary adjudication was therefore inappropriate, and the trial court's judgment is reversed. The case is remanded for further proceedings as provided by law.

**REVERSED AND REMANDED**

CARL B. JONES, P.J., and HANSEN, J., concur.