**F I L E D**
United States Court of Appeals
Tenth Circuit

**SEP 16 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GEOFFREY WELLS,

        Plaintiff/Appellant,

        v.

BOSTON AVENUE REALTY, an
Oklahoma general partnership comprised
of Joseph L. Hull, Jr. and Joseph L. Hull,
III; WORLD PRODUCTIONS,
INCORPORATED, an Oklahoma
corporation; TIMOTHY BARRAZA; and
39 PRODUCTIONS, INC. an Oklahoma
corporation; all d/b/a SRO,

        Defendants/Appellees.

No. 96-5255

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-C-1252-E)

---

Submitted on the briefs:

James R. Hicks of Morrel, West, Saffa, Craige & Hicks, Tulsa, Oklahoma, for
Plaintiff/Appellant.

Phil R. Richards and Thomas D. Hird of Richards, Paul & Richards, Tulsa, Oklahoma, for
Defendant/Appellee Boston Avenue Realty.

Scott D. Hjelm of Elias, Hjelm & Taylor, Tulsa, Oklahoma, for Defendant/Appellee 39
Productions, Inc.

Before ANDERSON, LOGAN, and HENRY, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiff Geoffrey Wells brought this diversity action for negligence against defendants Boston Avenue Realty (BAR), World Productions, Inc. (World), and 39 Productions, Inc. (TPI) d/b/a SRO.[1]  Plaintiff went to the SRO night club in the early hours of New Year's Day to meet two friends.  An individual assaulted him as he waited outside the door.  Plaintiff then left the front door area and continued waiting nearby.  His assailant and a friend returned and again attacked plaintiff, allegedly inflicting permanent injuries. The district court sustained defendants' summary judgment motions.

On appeal plaintiff argues that the district court (1) misapplied Oklahoma law in concluding that defendants had no duty to protect plaintiff from third party criminal acts, and (2) erred in finding TPI lacked actual knowledge of the attack.[2]  We apply the same standard for review of the entry of summary judgment as used by the district court under

[1]  BAR owned the premises and leased it to World which purports to have sublet the premises to TPI, which operated SRO. Plaintiff also named Timothy Barraza as an individual defendant, but he is not a party on appeal.

[2]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.19.  The cause is therefore ordered submitted without oral argument.

Fed. R. Civ. P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). We examine the record in the light most favorable to the party opposing summary judgment and determine if the district court correctly applied the substantive law. Wolf v. Prudential Ins. Co. of America, 50 F.3d 793, 796 (10th Cir. 1995).

The district court concluded that under Oklahoma law TPI as a business invitor[3] owed no duty to plaintiff unless it knew or had "reason to know that the acts of the third person [were] occurring, or about to occur." Appellant's App. 304 (quoting Taylor v. Hynson, 856 P.2d 278, 281 (Okla. 1993)). The district court explained that statements submitted by plaintiff to establish TPI's actual knowledge of the attack were inadmissible hearsay and could not be used to defeat summary judgment. The court also found that BAR and World breached no duty owed to plaintiff.

---

[3] The parties dispute whether plaintiff was a business invitee or licensee because plaintiff did not enter or intend to enter SRO. A greater duty of care is owed to an invitee. See Brown v. Nicholson, 935 P.2d 319, 322 (Okla. 1997) (reasonable care owed to invitee; ordinary care owed a licensee). The district court concluded TPI owed plaintiff no duty even if he was an invitee; thus it did not reach this question. We also conclude that we need not resolve that issue.

I

Plaintiff first argues that the district court misapplied Oklahoma negligence law when it concluded that defendants owed no duty to plaintiff because they lacked actual or constructive knowledge of the impending attack. He contends that the district court should have followed the latter portion of comment (f) to § 344 of the Restatement (Second) of Torts to impose liability because the attack was foreseeable.

Section 344 of the Restatement reads:

**Business Premises Open to Public: Acts of Third Persons or Animals**

**A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to**

> **(a) discover that such acts are being done or are likely to be done, or**

> **(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.**

Restatement (Second) of Torts § 344 (1965). Comment (f) provides:

> *Duty to police premises*. Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on

> the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

Id. § 344 cmt. f (emphasis added).

A

We consider first how Oklahoma law applies to TPI, the operator of the night club. The first Oklahoma Supreme Court case of consequence is McMillin v. Barton-Robison Convoy Co., 78 P.2d 789 (Okla. 1938). In McMillin, armed intruders killed an employee while they were attempting to steal a vehicle from the employer's premises. The business was in a high crime area, and cars had been stolen from the employer before this killing. The state supreme court nevertheless sustained a demurrer to plaintiff's evidence stating, "We are unable to see that an employer has a general duty to protect his employees from the assaults of criminals. We are likewise unable to see that there are any exceptional circumstances in this case which would give rise to such a duty." Id. at 790.[4]

Next, in Davis v. Allied Supermarkets, Inc., 547 P.2d 963 (Okla. 1976), a business invitee sued a grocery store after she was assaulted in its parking lot. Plaintiff argued that

---

[4] In St. Louis-San Francisco Ry. Co. v. Gilbert, 95 P.2d 123 (Okla. 1939), the court considered an injury on a railroad defendant's premises resulting when a business invitee slipped on an iron pin placed there by a volunteer helping him load cattle. In reversing a jury verdict for the injured invitee, although the court appeared to dispose of the case on the proximate cause prong of the liability test, the court stated, "To whatever extent a person is required to anticipate and foresee the natural and probable consequences of his negligence, he is not required to anticipate or foresee the results of the independent act of a third person." Id. at 127.

the court should overrule McMillin because "there have been advancements in this area of the law and a new, acute problem with criminal activity," id. at 965; the court refused. It concluded that invitors owed no duty to protect invitees from criminal assaults; it also stated it considered the intervening criminal act to be the proximate cause of the injury. See also Horst v. Sirloin Stockade, Inc., 666 P.2d 1285 (Okla. 1983) (quoting rule from McMillin and holding that it was controlling authority in case involving employees murdered while at work on the employer's premises).

In Lay v. Dworman, 732 P.2d 455 (Okla. 1987), as corrected on denial of rehearing, a tenant was raped in her apartment and sued the landlord. The Oklahoma Supreme Court was urged to adopt an expanded view of the duty of a landlord to protect a tenant from criminal activities of third parties. The court thought that unnecessary since Oklahoma law already required a landlord to use ordinary care with respect to those portions of leased premises over which it maintained control, including door locks or other items related to security. Based upon the landlord's alleged knowledge of both criminal activity in the apartment building and of the defective lock on the plaintiff tenant's door the court reversed the district court's grant of a demurrer to plaintiff's petition. The court stated that to the extent McMillin, Davis, and Horst expressed inconsistent views " those cases are expressly disapproved." 732 P.2d at 460.

Most recently, in Taylor v. Hynson, 856 P.2d 278 (Okla. 1993), the Oklahoma Supreme Court reviewed all of these cases and clarified the exceptional circumstances

concept. <u>Taylor</u> involved a customer assaulted as he left a McDonald's restaurant. The restaurant's manager acknowledged that she asked disruptive individuals to leave the restaurant but she did not determine whether in fact they left. Later, when a witness noticed those individuals verbally confronting another customer and urged the manager to call the police, she refused. The supreme court for the first time cited <u>Restatement</u> § 344 comment (f):

> An invitor does not have a duty to protect invitees from criminal assaults by third persons, <u>see</u> <u>Davis v. Allied Supermarkets, Inc.</u>, 547 P.2d 963 (Okla. 1976) (disapproved in the landlord-tenant context), unless the invitor knows or has reason to know "that the acts of the third person are occurring, or are about to occur." Restatement (Second) of Torts § 344 cmt. f (1965); <u>id.</u> at § 302A cmt. e, illus. 4. . . .

> In the present case, there is a factual dispute whether McDonald's employee Tyson knew that the assault was occurring or was about to occur. There is also a dispute whether, if she had such knowledge, she acted reasonably under the circumstances.

> McDonalds relies on <u>Davis v. Allied Supermarkets, Inc.</u>, 547 P.2d at 963, and <u>McMillin v. Barton-Robison Convoy Co.</u>, 182 Okl. 553, 78 P.2d 789 (Okla. 1938), for the proposition that "[u]nder Oklahoma law, a merchant is under no duty to protect customers against independent criminal acts of third parties." In both these cases, this Court stated that an employer does not have a general duty to protect against criminal acts of third parties. However, we recognized an exception that unique circumstances can give rise to such a duty. <u>Davis</u>, 547 P.2d at 964; <u>McMillin</u>, 78 P.2d at 790. Taylor's alleged facts, if taken as true, are sufficient to come within this exception.

> Taylor argues that <u>Lay v. Dworman</u>, 732 P.2d 455 (Okla. 1986), overruled <u>Davis</u> and <u>McMillin</u>. <u>Lay</u> states:

> > To the extent that the cases of <u>McMillin v. Barton-Robison Convoy Co.</u> , 182 Okla. 553, 78 P.2d 789 (1983) [1938];

> Davis v. Allied Supermarkets, Inc., 547 P.2d 963 (Okla. 1976); and Horst v. Sirloin Stockade, Inc., 666 P.2d 1285 (Okla. 1983), express views inconsistent with our finding of a duty on the part of the landlord in this case, those cases are expressly disapproved.
>
> Lay, 732 P.2d at 460. This statement did not overrule Davis and McMillin but only made clear that the rule that landlords have no duty to protect tenants from criminal acts of third parties is not absolute and that there are exceptional circumstances under which a landlord may be held liable. A distinction which is consistent with our holding in the present case.

856 P.2d at 281-82.

Finding a factual dispute about whether the McDonald's manager knew the assault was occurring or about to occur and whether she acted reasonably under the circumstances, the Taylor court reversed the summary judgment the district court had given in favor of the defendants.

Plaintiff notes these cases do not specifically reject the latter portion of comment (f) to Restatement § 344. He cites decisions from the Oklahoma Court of Appeals that arguably indicate adoption of that portion. In Shircliff v. Kroger Co., 593 P.2d 1101 (Okla. App. 1979), the court of appeals stated that § 344 and comment (f) were "entirely consistent with our own case law," id. at 1105, and that when a risk becomes foreseeable a business owner must "take reasonable steps to alert the business visitor to the risk" unless both are equally aware of it. Id. In a later restaurant customer assault case, the appeals court concluded that the absence of "evidence that the violence which befell [plaintiff] was reasonably foreseeable" precluded liability. Shelkett v. Hardee's Food

Systems, Inc., 848 P.2d 63, 67 (Okla. App. 1993). On the facts of the particular cases, both Shircliff and Shelkett rejected liability for landowners on whose premises there were assaults against one invitee by other invitees. But both quote comment (f) in its entirety and appear to recognize that under Oklahoma law if the danger is foreseeable there is a duty to warn or protect invitees.

In the most recent Oklahoma Court of Appeals decision, after Taylor, the court had before it a situation similar to the one before us. Hotel bar patrons were attacked and injured in the hotel parking lot by unknown assailants. The hotel had security guards in the building but none in the lot. There had been two prior assaults in the parking lot and apparently most security incidents occurred between midnight and 2:00 a.m., when it was common to have fights among patrons leaving the bar. The court of appeals, over the dissent of one judge, affirmed summary judgment for the hotel defendant. It specifically addressed the final portion of comment (f) to the Restatement § 344, as follows:

> The latter portion of Comment f has not been adopted by the Oklahoma Supreme Court. The law in Oklahoma has been for some time that an invitor is generally not under a duty to protect invitees from criminal assaults by third persons. Davis v. Allied Supermarkets, Inc., 547 P.2d 963 (Okla. 1976). A review of Oklahoma Supreme Court cases has found that a duty on the part of proprietors only arises when the situation involved an immediate event which the proprietor knew was occurring or about to occur.

Folmar v. Marriott, Inc., 918 P.2d 86, 88 (Okla. App. 1996) (footnote omitted).

Plaintiff argues that the trend in other jurisdictions is toward finding the invitor liable for criminal assaults on invitees in business parking lots when that possibility is

- 9 -

foreseeable.  The district court refused a postdecision motion to certify this question to the Oklahoma Supreme Court and on appeal plaintiff has asked us to certify the question. Because Taylor and Folmar are quite recent opinions, we decline to do so.  We believe the current law in Oklahoma, as expressed in those cases, is that a business owner is not liable for third person assaults in its parking lot absent "special circumstances" beyond those alleged in the instant case.

B

Plaintiff's arguments for liability of BAR and World[5] are slightly different.  He first contends that under the Lay decision both owed him the duty of a landlord with control over the premises if BAR "operated" the parking area where the second attack occurred and if World did not actually sublease the premises to TPI.  Lay involved the duty of a residential landlord to his tenant, not the duty owed by a commercial landlord to the business invitee of a tenant.  We agree with the district court that it is illogical to impose a greater duty to that invitee on the absent landlord than that which the law imposes on the tenant/business owner.

Plaintiff next asserts that the district court misapplied our decision in  Weaver v. United States, 334 F.2d 319 (10th Cir. 1964), because a criminal assault is a condition or defect rendering the premises unsafe for the purpose intended.  Weaver involved personal

---

[5]  Plaintiff disputes whether World actually sublet the premises to SRO and thus whether World was a landlord or tenant.  The district court did not determine this issue, concluding that World breached no duty owed to plaintiff under either circumstance.

injuries resulting from a fall on government property leased to a business owner.  We applied Oklahoma law and concluded that

> where premises are leased for public or semi-public purposes and at the time of leasing there is a condition which renders the premises unsafe for the purpose intended and the landlord knows, or by exercise of reasonable diligence should have known of the condition, he is liable to his tenant's invited business patrons or customers who are injured by reason of such unsafe condition.  But, the landlord's liability in this respect is limited by the rule that his duty to keep the premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care.

Weaver, 334 F.2d at 321.

All of the cases relied on in Weaver involved physical defects in the premises. Oklahoma law considers the condition of the premises and its use in deciding whether the possessor exercised reasonable care.  See Henryetta Constr. Co. v. Harris, 408 P.2d 522, 531 (Okla. 1965) (supp. opinion on rehearing) (describing "hidden danger" in terms of physical defects).  Plaintiff has cited no cases that support treating a criminal assault as a "defect" creating premises liability.  More fundamentally, even if we treated the criminal assault as a known defect, "recovery is allowed in Oklahoma only where the unsafe condition is known to the owner and not to the invitee."  Weaver, 334 F.2d at 321; St. Louis-San Francisco Ry. Co., 95 P.2d at 126.  Plaintiff remained on the premises after the initial assault, reported the incident to no one, and suffered a second attack within about ten minutes.  Thus, if the possibility of an assault were considered an unsafe defect on the premises that defect was known to the invitee.

II

Finally plaintiff argues that TPI had actual knowledge of the attack, creating a duty to warn or protect plaintiff. The district court refused to consider hearsay statements offered by plaintiff in response to defendants' summary judgment motions. See Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) (inadmissible hearsay will not defeat summary judgment). Plaintiff contends that an unsigned investigative report of a witness interview[6] suggesting that TPI had notice of the assault is admissible under Fed. R. Evid. 801(d)(2)(B)--as an adoptive admission because TPI did not deny that one of its employees witnessed the attack--or under Fed. R. Evid. 803(6)--as a business record.

We agree with the district court that the report is not admissible under either evidentiary rule. The adoptive admission exception applies at the time the original statement is made; it does not require the defendants to deny an assertion by a third party that appears in a pleading. The business records exception renders as nonhearsay certain documents created "in the course of a regularly conducted business activity;" it does not encompass investigatory documents created after the fact on behalf of a litigant. Ad. Comm. Notes to Fed. R. Evid. 803(6).

_____

[6] The report states that the remarks of the witness, Sundi Tyler, who allegedly asked the manager of SRO to stop the fight, were tape recorded. Appellant's App. 222-23. But the tape itself was not produced. Further, the testimony of Tyler at the preliminary hearing of plaintiff's assailant, which was attached to plaintiff's response to the motions for summary judgment, id. at 226-51, contains no suggestion that the bar manager or any representative of defendants was present.

- 12 -

We further note that even if admissible, the statements did not establish that TPI breached a duty to plaintiff. At most, knowledge of the second attack was communicated to TPI's agent "[j]ust prior to the final punch." Appellant's App. 223. In Oklahoma, "[a]n invitor cannot be held responsible unless it be shown that he/she had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." Rogers v. Hennessee, 602 P.2d 1033, 1035 (Okla. 1979). The report does not show that TPI acted unreasonably under the circumstances.

AFFIRMED.